IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

FRANK ORR,

     Plaintiff,

     v.

HERNANDEZ, et al.,

     Defendants.

NO. CV-08-0472-JLQ

**ORDER ON MOTIONS AND
SCREENING ORDER**

On February 28, 2009, Defendants Hernandez and Tilton removed this action from state court under 28 U.S.C. § 1441. Defendants have filed a request, asking the court to screen plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and asking the court for thirty days from the date of the court's screening order to file a response to the Complaint. Plaintiff is a state prisoner proceeding pro se in this civil rights action. Plaintiff is suing employees of the Mule Creek State Prison (MCSP) in both their individual and official capacities for alleged violation of his civil rights based upon prison conditions.

## I.    Background

This matter was originally filed in the Superior Court of the State of California, County of Amador on October 9, 2007. The Complaint alleged Plaintiff was placed in administrative segregation based upon retaliatory false accusations made against him by Defendant corrections officer Hernandez. As result of his placement in administrative segregation following an accusation that he threatened Hernandez with scissors, he lost his job as a barber. Plaintiff asserted claims of retaliation against Hernandez, R.J. Subia, James Tilton and Does I-VII. After the Complaint was served on Hernandez and Tilton, Defendants removed the case from state court to this court on February 28, 2008. Ct. Rec. 1

ORDER - 1

On March 21, 2008, the Plaintiff wrote a letter to the court expressing his ongoing concerns with conditions at MCSP. Ct. Rec. 4. Plaintiff also filed a notice opposing Defendants' removal arguing that the matters should be remanded to California state courts on the basis that the state court was "already familiar with the proceeding." Ct. Rec. 5.  Plaintiff also filed a request for appointment of counsel.  Ct. Rec. 4.

On March 31, 2008, Plaintiff filed a "Notice to the Court and Request for Injunction Order," which stated that Plaintiff was being denied copies of legal documents, preventing him from completing service. Ct. Rec. 6. Plaintiff requests more access than the two (2) hours a week the prison apparently allows for access to a copier and legal materials. *Id*.

On March 31, 2008, Plaintiff filed his (first) Amended Complaint asserting three claims: Claim One: violation of the Eighth Amendment right to be free from excessive force; Claim Two: violation of his Eighth Amendment right to personal safety; and Claim Three: violation of his Eighth Amendment right "when correctional officer falsified documents to cover up Eighth Amendment violations." Ct. Rec. 7.

On July 10, 2008, Plaintiff re-filed his Amended Complaint and a request for appointment of counsel.  Ct. Rec. 8.  On October 3, 2008, Plaintiff filed a third request for appointment of counsel.  Ct. Rec. 10.

The delay in judicial review of this case until now has been the result of an unpredented backlog of habeas applications and prisoner civil rights complaints.  To assist the district with this backlog, the undersigned was assigned this matter on March 18, 2009 (Ct. Rec. 11).

## II.     Pending Matters

### A. Request for Appointment of Counsel

Plaintiff has requested the appointment of counsel because he is not trained in the law and has limited access to legal resources while imprisoned.  Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the*

ORDER  - 2

1    *Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However,

2    in certain limited and exceptional circumstances the court may request the voluntary

3    assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

4         Without a reasonable method of securing and compensating counsel, and with the

5    very large volume of pending prisoner civil rights complaints, the court will seek

6    volunteer counsel only in the most serious and exceptional cases.  In determining

7    whether "exceptional circumstances exist, the district court  must evaluate both the

8    likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his

9    claims pro se in light of the complexity of the legal issues involved." *Id.* (internal

10   quotation marks and citations omitted).

11        In the present case, the court does not find the required exceptional circumstances.

12   Even if it is assumed that Plaintiff is not well versed in the law and that he has made

13   serious allegations which, if proved, would entitle him to relief, his case is not

14   exceptional.  This court is faced with similar cases almost daily.  Further, at this early

15   stage in the proceedings, the court cannot make a determination that plaintiff is likely to

16   succeed on the merits. Based on a review of the record in this case, the court does not

17   find that Plaintiff cannot adequately articulate his claims.  *Id.*

18        For the foregoing reasons, Plaintiff's motions for the appointment of counsel (Ct.

19   Recs. 4, 8, 10)  **DENIED**, without prejudice.

20        **B. Request for Remand**

21        Federal law has long provided that if aan action presents a federal question, the

22   matter is removable to federal court upon petition by the defendant. 28 U.S.C.

23   § 1441(a) states, in pertinent part:

24        (a) Except as otherwise expressly provided by Act of Congress, any
         civil action brought in a State court of which the district courts of the
25        United States have original jurisdiction, may be removed by the
         defendant or the defendants, to the district court of the United States
26        for the district and division embracing the place where such action is
         pending. For purposes of removal under this chapter, the citizenship
27        of defendants sued under fictitious names shall be disregarded.

28        (b) Any civil action of which the district courts have original
         jurisdiction founded on a claim arising under the Constitution,
         treaties or laws of the United States shall be removable without

1   regard to the citizenship or residence of such parties.

2   28 U.S.C. § 1441(a). Section 1331 of Title 28 of the United States Code provides

3   that "[t]he district courts shall have original jurisdiction of all civil actions arising

4   under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

5       Whether removal is appropriate is determined at the time of the petition for

6   removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). In the

7   matter at hand removal is appropriate. On the face of the Plaintiff's complaint, there is

8   no question that he intended to assert claims based on federal law and the United States

9   Constitution. Indeed, Plaintiff specifically cited the federal statute, 42 U.S.C. § 1983, and

10  the United States Constitution as the authority for his claims. Therefore, Plaintiff's

11  claims arise under federal law and the federal Constitution.

12      Removal of Plaintiff's Complaint to federal court is timely. "The notice of removal

13  of a civil action or proceeding shall be filed within thirty days after the receipt by the

14  defendant, through service or otherwise, of a copy of the initial pleading setting forth the

15  claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446.

16  The Notice of Removal was filed February 28, 2008.  Plaintiff's Summons and

17  Complaint were served upon Defendant Hernandez on January 17, 2008 and upon

18  Defendant Tilton February 13, 2008.  Ct. Rec. 1, ¶¶ 2-3.  The United States Supreme

19  Court has held, "[I]f the complaint is filed in court prior to any service, the removal

20  period runs from the service of the summons." *Murphy Bros. v. Michetti Pipe Stringing,*

21  *Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322 (1999). Thus, this court has original jurisdiction

22  over Plaintiff's claims and removal is proper.

23      **C. Request for Injunction Order** (Ct. Rec. 9)

24      Plaintiff has moved the court for an injunction ordering the warden of MCSP to

25  "to allow plaintiff access to a copier and legal materials more than the two (2) hours a

26  week that MCSP has regulated."  Plaintiff states that he "being denied to copy Legal

27  Documents. That I am unable at this time to serve parties in this complaint." The court

28  **DENIES** the Plaintiff's request for an injunction order.  Once removed to federal court,

ORDER - 4

Plaintiff was not in need of copies for purpose of effectuating service of the Amended Complaint because service of process has not been ordered by the court. Prisoner complaints are not served until after the court has screened the complaint and determined the complaint suitable for service.

### D. Proceeding In Forma Pauperis

When Defendants removed this action from state court, they paid the filing fee. However, Plaintiff is advised that he should nevertheless file an application to proceed in forma pauperis. If Plaintiff opts to proceed in forma pauperis, he will not be required to complete service of process upon the Defendants himself. If Plaintiff demonstrates that he is entitled to in forma pauperis status, and the court determines upon screening that his amended complaint states colorable claims as to any Defendants, the court will direct the United States Marshal to serve process on Plaintiff's behalf. If Plaintiff opts not to proceed in forma pauperis, pursuant to Rule 4 of the Federal Rules of Civil Procedure, Plaintiff will be required to complete service of process upon the Defendants himself.

## III.   Screening

### A. Legal Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity 28 U.S.C. § 1915A(a). The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

ORDER - 5

See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

In addition, § 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). In order to state a claim for relief under section 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**B. Discussion**

**1. The Amended Complaint**

The court reviews the latest complaint filed by Plaintiff, his "First Amended Complaint" filed July 10, 2008 (Ct Rec. 9). The Amended Complaint alleges that on July 14, 2006, Plaintiff, while working as a prison barber in Facility-C, lost his job after he was placed in administrative segregation because Defendant Hernandez filed a report alleging Plaintiff had threatened to stab her with a pair of scissors. Plaintiff claims Hernandez "conspired with numerous inmates" and "numerous officers" to make up the accusation in order to have him removed from his assignment as a barber.

Plaintiff claims the investigation of the alleged threat proved that Plaintiff had not threatened Hernandez, yet he remained housed in administrative segregation. ¶ 57. He was removed on January 4, 2007 to Facility-B, where he apparently began employment as "a library Porter". Ten months after the scissors accusation, he claims Defendant Hernandez retaliated against him again by requesting assignment at the facility where Plaintiff was housed. She was granted the assignment which was allegedly allowed by Defendant Martel and then filed a "threat assessment" against Plaintiff. Plaintiff claims she knew this would place him back in segregation and remove him from his assignment at the library. Plaintiff was handcuffed and placed in administrative segregation. ¶ 34. He claims Hernandez requested this assignment specifically to retaliate against Plaintiff, to "coerce" him into "dropping his complaint," and to cause him to stop progress in mental health treatment by his move from the facility (¶34).

Plaintiff alleges that unnamed defendants escorting him to administrative segregation on July 14, 2006 placed the handcuffs on in a manner which "was against policy as to dig and or cut into the wrist" after Hernandez told the handcuffing officers Plaintiff had threatened to stab her with scissors. ¶ 33. He alleges that in addition to being placed in administrative segregation, after the false allegations were made, he was the subject of other retaliatory conduct including the opening of his legal mail, excessive cell searches, and deprivation of property. ¶ 24.

ORDER - 7

1  Plaintiff asserts these acts violated his rights under the Eighth Amendment.
2  Plaintiff seeks injunctive relief in the form of a court order that places him back in
3  Facility B and back into his assignment as a library porter, and also that removes
4  Hernandez from assignment at Facility B.  He also seeks monetary damages for physical,
5  emotional and psychological injury.

6  **2. Cognizable Claims**

7  a.    Eighth Amendment Excessive Force Against Doe Defendants

8  Plaintiff presents a claim for excessive force in his First Claim for Relief. When
9  an inmate claims that prison officials violated his Eighth Amendment rights by using
10 excessive physical force, the relevant inquiry is "whether force was applied in a
11 good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause
12 harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).
13 The injury suffered by the inmate need not rise to the level of objective seriousness
14 required by other Eighth Amendment claims, but the force used must be something more
15 than de minimis. *Id.* at 9-10.

16 Here, Plaintiff's Complaint alleges that unnamed correctional officers
17 defendants(the "Doe" defendants) placed handcuffs on him tightly in order to escort him
18 to administrative segregation.  He describes the manner in which the handcuffs were
19 applied as "against policy as to dig and or cut into the wrist." Ct. Rec. 9 at ¶ 31.  Plaintiff
20 does not allege he suffered any precise injury, although he states his wrist had a "medical
21 condition" and the handcuffing defendants "refused to seek medical advisory."  The
22 Ninth Circuit has  recognized a valid excessive force claim based upon overly tight
23 handcuffs, although cases where tight handcuffing was found to constitute excessive
24 force, the plaintiff was in visible pain, repeatedly asked the defendant to remove or
25 loosen the handcuffs, had pre-existing injuries known to the defendant, or alleged other
26 forms of abusive conduct by the defendant.

27 Liberally construed, the court finds Plaintiff's allegations raise his right to relief
28 above the speculative level and to give a defendant fair notice of what the claim is and

ORDER  - 8

the ground upon which it rests.

Though Plaintiff states a claim for excessive force, in order to proceed, however, Plaintiff must identify the Doe defendants, and amend his complaint to name them and set forth specific facts showing how each individual defendant violated his rights. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999). Plaintiff identifies "Does 1 through 29" in the caption of his complaint and refers to the officers who handcuffed and escorted him on July 14, 2006 as "Does." Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

However, situations arise where the identity of the alleged defendant will not be known prior to the filing of the complaint. The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999) (*citing Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)). Because the court concludes below that service of Plaintiff's Amended Complaint upon Defendant Hernandez is appropriate, Plaintiff may use the discovery processes to obtain the names of the persons whom he believes violated his constitutional right against the use of excessive force on July 14, 2006. Upon discovering the names of the defendants, Plaintiff must promptly file a motion for leave to amend, accompanied by a proposed amended complaint identifying the additional defendants. Plaintiff is cautioned that undue delay in discovering the defendants' names and seeking leave to amend may result in the denial of leave to proceed against these defendants.

ORDER - 9

1     **Warning to Plaintiff Regarding Doe Defendants**. For Plaintiff to properly name
2  "John Doe" defendants, he must provide all of the information he would normally
3  provide if he already knew their names. Plaintiff should identify "John Does" by their
4  function/action (i.e. John Doe #3 was the medical officer who treated my injuries on
5  (Date) ). Simply saying "John Does 1-29" is unhelpful within the meaning of the rules
6  of pleadings. Should Plaintiff elect to further amend his complaint, he should correct
7  this deficiency.

8         b.     First Amendment Retaliation against Hernandez

9         In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner
10  must allege that he was retaliated against for exercising a constitutional right, and that
11  the retaliatory action was not related to a legitimate penological purpose, such as
12  preserving institutional security. *See Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th
13  Cir. 1994) (per curiam). In meeting this standard, the prisoner must allege a specific
14  link between the alleged retaliation and the exercise of a constitutional *right. See*
15  *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995); *Valandingham v. Bojorquez*, 866
16  F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also allege that his
17  constitutional right was actually chilled by the alleged retaliatory conduct. *See*
18  *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000). Thus, the prisoner plaintiff must
19  allege the following in order to state a claim for retaliation: (1) prison officials took
20  adverse action against the inmate; (2) the adverse action was taken because the
21  inmate engaged in protected conduct; (3) the adverse action actually chilled the
22  inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate
23  penological purpose. *See Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). An
24  allegation that a defendant subjected a prisoner to  verbal harassment or abuse is not
25  sufficient to state a constitutional deprivation under 42 U.S.C. § 1983 (see discussion
26  below). However, in the context of a prisoner's retaliation claim, threats of discipline
27  or transfer for the plaintiff's exercise of his First Amendment rights are sufficient
28  adverse action to state a claim. *See Gomez v. Vernon*, 255 F.3d 1118, 1123 (9th Cir.

ORDER  - 10

1   2001); *Valandingham*, 866 F.2d at 1141.

2       Plaintiff states in the Amended Complaint: "Defendant Hernandez filed a

3   fabricated...report...that Mr. Orr, had threatened to stab her with a pair of scissors.  if

4   [SIC] a complaint previously filed against her did not go in the way of Mr. Orr." Ct.

5   Rec. 9 at ¶54. Plaintiff also alleges the second act of retaliation (Hernandez's request

6   for assignment to Plaintiff's facility) was done specifically to "coerce" him into

7   "dropping his complaint." Plaintiff's allegations are sufficient to give rise to a claim

8   of retaliation against Defendant Hernandez.

9       **3. Non-Cognizable Claims**

10      a. Eighth Amendment - Failure to Protect /Personal Safety

11      "Prison officials have a duty to take reasonable steps to protect inmates from

12  physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir.1982). To

13  establish a violation of this duty, the prisoner must establish that prison officials were

14  "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer v.*

15  *Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To

16  demonstrate that a prison official was deliberately indifferent to a serious threat to the

17  inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed]

18  an excessive risk to inmate ... safety; the official must both be aware of facts from

19  which the inference could be drawn that a substantial risk of serious harm exists, and

20  [the official] must also draw the inference ." *Farmer*, 511 U.S. at 837.

21      Plaintiff's First Claim for Relief alleges Defendants Hernandez and the three

22  named warden defendants "failed to protect him from cruel and unusual

23  punishment...by their unnecessary and wanton infliction of pain, including physical

24  injury and psychologial and emotional distress."  Ct. Rec. 9 at ¶ 30.  Plaintiff can not

25  state a valid claim for relief by reciting various legal nomenclature, but without

26  specifying against which defendants his allegations are directed and their factual

27  basis. Plaintiff has also alleged that MCSP warden, Defendant Martel, had previously

28  acted in separating Plaintiff from Defendant Hernandez, that he knew of Hernandez's

ORDER  - 11

1   reassignment to Facility C, but "decided to allow the retaliation of defendant

2   Hernandez, actions to take place."  ¶ 35.

3        These allegations do not state a cognizable claim for failure to protect against

4   any defendant because he has not alleged any conduct of the Defendants that

5   disregarded an "excessive risk" to his safety.  Plaintiff has not explained how his

6   removal from Facility C, the false accusation, the threat assessment, or Defendant

7   Martel's alleged turning a blind eye presented an excessive threat to his safety.

8   Plaintiff has not alleged any facts from which an inference could be drawn that a

9   substantial risk of serious harm existed.

10        Plaintiff's failure to protect claims against Defendants Hernandez, Martel,

11  Subia, and Campbell are **DISMISSED WITH LEAVE TO AMEND**.

12        b. Supervisory Liability

13        Plaintiff has named Defendants M. Martel, R. Campbell and R. Subia, who he

14   asserts were wardens of the MCSP.  Plaintiff also names James Tilton, the secretary

15  of California Department of Corrections.

16        Supervisory personnel are generally not liable under section 1983 for the

17  actions of their employees under a theory of respondeat superior and, therefore, when

18  a named defendant holds a supervisory position, the causal link between him and the

19  claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*,

20  607 F.2d 858, 862 (9th Cir.1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

21  1978), cert. denied, 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979). To state a

22  claim for relief under section 1983 based on a theory of supervisory liability, plaintiff

23  must allege some facts that would support a claim that supervisory defendants either:

24  personally participated in the alleged deprivation of constitutional rights; knew of the

25  violations and failed to act to prevent them; or promulgated or "implemented a policy

26  so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the

27  moving force of the constitutional violation.' " *Hansen v. Black*, 885 F.2d 642, 646

28  (9th Cir.1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th

ORDER  - 12

Cir.1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

The court has already addressed the problems with Plaintiff's claim against Defendant Martel for failure to protect above.  Plaintiff has failed to make any allegations so as to state a claim for supervisory liability against Subia, Campbell or Tilton. Plaintiff only makes the conclusory claim that "Defendant (acting warden) implemented a policy that repudiated Mr. Orr's constitutional rights and was unconscionable" (¶ 33), but alleges no facts to support this statement.

Plaintiff's supervisory claims against Defendants Martel, Subia, Campbell and Tilton are **DISMISSED WITH LEAVE TO AMEND.**

c. Filing a False Report and Conspiracy

Plaintiff's "Third Claim for Relief" is for the alleged filing of a false report. Filing a false report, that is, falsely accusing plaintiff of wrongful conduct, is not a constitutional violation. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (holding that inmates have no constitutionally protected immunity from being falsely or wrongly accused of misconduct). Thus, allegations that Defendant Hernandez filed a false report cannot support a claim against Defendant Hernandez under the Eighth Amendment or of conspiracy to deny constitutionally protected rights.

Plaintiff's Third Claim for Relief also alleges that Defendant Hernandez conspired with numerous officers to "have Mr. Orr placed in ad-seg." Ct Rec. 9 at ¶ 55.  Elsewhere in the Amended Complaint, Plaintiff claims Hernandez conspired with numerous inmates.  *Id.* at ¶ 15, ¶ 44, ¶ 45.  A conspiracy claim brought under section 1983 requires proof of " 'an agreement or meeting of the minds to violate constitutional rights,' " *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2002) (*quoting United Steel Workers of Am. v. Phelps Dodge Corp*., 865 F.2d 1539, 1540-41 (9th Cir.1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir.2006) (*quoting Woodrum v. Woodward*

ORDER  - 13

*County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir.1989)). " 'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.' " *Franklin*, 312 F.3d at 441 (*quoting United Steel Workers*, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." *Id.* at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that "defendants" conspired with unnamed other people to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Plaintiff's claims of filing a false report and conspiracy are **DISMISSED WITH PREJUDICE**.

d. Verbal harassment

Plaintiff's general allegations that he was ridiculed and his allegation that Defendant Hernandez told his cellmate "you should be careful who you cell up with" do not state a claim for relief as verbal harassment, abuse, and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996) (harassment does not constitute an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983).

ORDER - 14

1    Plaintiff's claims of verbal harassment are **DISMISSED WITH PREJUDICE**.

2    e.  Claims Against Doe Defendants other than Excessive Force

3    As previously explained, Plaintiff has named "Does 1 through 29" in the

4    caption of the Amended Complaint.  Plaintiff fails to adequately plead any claim

5    against any John Doe Defendant, other than those officers involved in the alleged

6    excessive use of force on July 14, 2006.  Plaintiff alleges in the Amended Complaint

7    that Hernandez filed a false report with her "supervising officer (Doe)."  Plaintiff has

8    failed to state any claim for relief against this alleged supervising Doe Defendant.

9    **C. Conclusion**

10   In sum, liberally construed, the court finds that Plaintiff's claims for excessive

11   force against the Doe Defendants and for retaliation under the First Amendment

12   against Defendant Hernandez survive the screening process.  Plaintiff's claims of

13   conspiracy and verbal harassment are not viable claims and are dismissed with

14   prejudice.  Plaintiff's remaining claims are dismissed with leave to amend.

15   **III.   Leave to Amend or Proceed**

16   When deficiencies in the complaint exist, a *pro* se litigant must be given an

17   opportunity to amend his complaint unless it is absolutely clear that the deficiencies

18   could not be cured by amendment.  *See Lopez v. Smith,* 203 F.3d 1122, 1128 (9th Cir.

19   2000) (en banc).  Of Plaintiff's Non-Cognizable Claims (see Section III.B.3. above),

20   the only claims which he might be able to be cure by amendment are his claims of

21   failure to protect under the Eighth Amendment and supervisory liability.

22   **Accordingly, Plaintiff may elect one of two courses of action**.  Plaintiff may

23   elect to proceed forthwith pursuing *only* his Cognizable Claims (see III.B.2) by

24   following the court's instructions regarding identifying the Doe defendants and the

25   instructions below as to Defendant Hernandez.  In this case, the court will reach the

26   merits of his Cognizable Claims sooner.  Alternatively,  Plaintiff may attempt to cure

27   the deficiencies outlined above in his Non-cognizable Claims.  In the event Plaintiff

28   chooses to file a Second Amended Complaint, the court will delay service of process

ORDER  - 15

1   because the Second Amended Complaint must also be screened pursuant to 28 U.S.C.

2   § 1915A.

3   **A.     Instructions Regarding Amendment of the Complaint**

4           Plaintiff is not obligated to amend his complaint.  However, should he choose

5   to do so, he has **until SEPTEMBER 8, 2009** to do so. The Second Amended

6   Complaint shall:

7           1.      be legibly rewritten or retyped in its entirety;

8           2.      be an original and not a copy and may not incorporate any part of the

9                   original complaint by reference;

10          3.      be a single document;

11          4.      be clearly labeled "Second Amended Complaint" and cause number CV-

12                  08-0472-JLQ must be written in the caption.  The Second Amended

13                  Complaint will operate as a complete substitute for - rather than a

14                  supplement to - the present complaint;

15          5.      contain a section titled: **Parties**.  This section shall identify all the

16                  defendants who caused the alleged deprivation of Plaintiff's

17                  constitutional rights.  If Plaintiff names individuals, he shall identify that

18                  he is suing these individuals "in their individual capacity";

19          6.      contain a section titled: **Facts.**  This section shall set forth the facts that

20                  comprise Plaintiff's cause of action, i.e., identify the event and what each

21                  individual Defendant did with specificity and the date thereof.  Each

22                  factual allegation shall be set forth in separate, numbered paragraphs;

23          7.      contain a section titled: **Claims.**  This section shall set forth the claims

24                  showing that Plaintiff is entitled to relief, i.e., identify what

25                  constitutional rights each individual Defendants allegedly violated **and**

26                  **how**;

27          8.      contain a section titled: **Prayer for Relief.**  This section shall set forth

28                  what relief Plaintiff seeks; and

ORDER  - 16

9.    include all factual allegations and claims against each of the Defendants against whom the case is going forward.  This means including those allegations and claims in the current Complaint that the court has deemed Cognizable (*see* Section II.B.) in this order.  Because the Second Amended Complaint will become the <u>sole complaint</u> in the action, it is the only complaint which will be served on the parties.  Failure to include these claims in it means that they will not be preserved for service on the Defendants.

Plaintiff is again cautioned that in any future amended complaint he shall not, as he has done in his Amended Complaint, generally refer to "defendants" without specifying which defendant he is referring to.

Plaintiff's Second Amended Complaint must also comply with both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California. *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (finding that *pro se* litigants must follow the same rules of procedure that govern other litigants).  As a courtesy, the Clerk's Office will send Plaintiff a copy of the Local Rules.

By signing an Amended Complaint Plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations.  For violation of this rule the court may impose sanctions sufficient to deter repetition by Plaintiff or others. Fed.R.Civ.P. 11.

Plaintiff is further admonished that by signing an Amended Complaint he certifies his claims are warranted by existing law, including the law that he completely exhaust administrative remedies, for violation of this rule plaintiff risks dismissal of his <u>entire</u> action.

In the event Plaintiff fails to file a Second Amended Complaint as directed above by September 8, 2009, service will be made only as to the Cognizable Claims identified herein.

ORDER  - 17

**B.    Instructions Regarding Service of the Amended Complaint**

Should Plaintiff elect not to further amend the Amended Complaint to attempt to cure the deficiencies in his failure to protect and supervisory liability claims, but to proceed with his current complaint, then Plaintiff must prepare and return the application to proceed in forma pauperis and the service documents so that the U.S. Marshals may serve the Amended Complaint on Defendant Hernandez.

**If the Plaintiff elects to proceed with his current Complaint without amendment, the court will find:**

1. Service of the Amended Complaint is appropriate on Defendant Hernandez.

2. The Clerk of Court shall immediately send Plaintiff a USM-285 form, as well as a summons, instruction sheet, and a copy of the Amended Complaint (Ct. Rec. 9).

3. On or before **SEPTEMBER 8, 2009**, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

      a.    The completed Notice of Submission of Documents;

      b.    A completed summons for Defendant Hernandez;

      c.    A completed USM-285 form for Defendant Hernandez; and

      d.    2 copies of the Amended Complaint (Ct. Rec. 9).

4. Plaintiff need not attempt service on Defendant and need not request waiver of service.  After receiving the above-described documents, the court will issue a separate Order requiring the U.S. Marshals to serve Defendant Hernandez.

5. The court cautions Plaintiff that failing to submit the above-described documents (and/or a Second Amended Complaint) on or before **SEPTEMBER 8, 2009** will be construed as a decision by the Plaintiff to dismiss this lawsuit under Federal Rule of Civil Procedure 41.

ORDER - 18

**IV.  CONCLUSION AND ORDER**

  **Accordingly, IT IS HEREBY ORDERED:**

  1.  Defendants' request that the court screen the complaint (Ct. Rec. 1) is **GRANTED**.

  2.  Defendants' request for an extension of time to file a response to the complaint (Ct. Rec. 1) is **GRANTED**. The deadline for Defendants' responsive pleading will be set forth in a separate order after Plaintiff has elected whether to proceed with his current complaint or to further amend.

  3.  If Plaintiff opts to proceed in forma pauperis, Plaintiff shall submit on or before **AUGUST 17, 2009** a properly completed application to proceed in forma pauperis on the form provided with this order.

  4.  The claims in the Complaint are sufficient at least to state cognizable claims against Defendant Hernandez and the John Doe Defendants as to July 14, 2006. See 28 U.S.C. § 1915A.   Plaintiff fails to state a claim against Defendants Martel, Subia, Campbell, and Tilton.  The Clerk of the Court shall terminate these four defendants.

  5.  Plaintiff's motions for the appointment of counsel (Ct. Recs. 4, 8, 10) are **DENIED** without prejudice.

  6.  Plaintiff's request for remand (Ct. Rec. 5) is **DENIED**.

  7.  Plaintiff's "Request for Injunction Order" (Ct. Rec. 9 at 26) is **DENIED**.

  8.  With this order, the Clerk of the Court shall provide the application to proceed *in forma pauperis*, a copy of the Local Rules, a blank complaint form, the instructions for preparing an amended complaint (if any), a blank summons, a copy of the pleading filed July 10, 2008 (Ct. Rec. 9), one USM-285 form, and instructions for service of process (if any).

  9.  The deadline for filing of either a) the service documents or b) a Second Amended Complaint is **September 8, 2009**.  PLAINTIFF IS CAUTIONED THAT THE COURT WILL CONSTRUE PLAINTIFF'S FAILURE TO TIMELY FILE

ORDER  - 19

1   EITHER A SECOND AMENDED COMPLAINT OR THE SERVICE

2   DOCUMENTS IN ACCORDANCE WITH THE INSTRUCTIONS HEREIN AS

3   PERMISSION TO DISMISS THIS LAWSUIT UNDER FEDERAL RULE OF CIVIL

4   PROCEDURE 41.

5        **IT IS SO ORDERED**.  The District Court Executive is directed to enter this

6   Order and provide a copy to counsel for the Defendants, to the Plaintiff along with a

7   copy of the district's Local Rules, and the U.S. Marshals Service.  In addition, the

8   District Court Executive shall mail a courtesy copy to Michael Martel, Warden of the

9   Mule Creek State Prison, P.O. Box 409099, Ione, CA 96127-0750.

10       Dated July 20, 2009.

11                          s/ Justin L. Quackenbush
                          JUSTIN L. QUACKENBUSH
12                    SENIOR UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER  - 20

1

2

3

4

5 UNITED STATES DISTRICT COURT

6 EASTERN DISTRICT OF CALIFORNIA

7

8 MALIK JONES,

9              Plaintiff,               NO. CV-09-0150-JLQ

10       v.

11                              **NOTICE OF SUBMISSION OF**

12 J.L. BISHOP, et al.,           **DOCUMENTS**

13              Defendants.

14

15

16       Plaintiff hereby submits the following documents in compliance with the

17 Court's "Order Requiring Plaintiff to Amend or Submit Documents for Service.":

18                _____ completed summons form;

19                _____ completed USM-285 form(s);

20                _____ copies of the Amended Complaint (Ct. Rec. 9); and

21

22       DATED: _____

23

24

25                        _____

26                             Plaintiff

27

28