UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

FRANK ORR,

    Plaintiff,

v.

ADRIANA HERNANDEZ, et al.,

    Defendants.

NO. CV-08-472-JLQ  (PC)

**ORDER DIRECTING FILING OF SECOND AMENDED COMPLAINT; SCREENING ORDER; AND ORDER VACATING SCHEDULING ORDER**

BEFORE THE COURT is Plaintiff's Motion for Leave to File an Amended Complaint (Ct. Rec. 35, Ex. A) filed on May 4, 2010. *See* Ct. Rec. 37 [Order construing Ct. Rec. 35 as a motion] The motion is unopposed by the Defendant Hernandez. Ct. Rec. 38.  In addition, the court has before it Defendant's "Motion to Vacate Scheduling Order" (Ct. Rec. 41) filed June 17, 2010.  Defendant's motion wrongly asserts that the Second Amended Complaint has been *filed* and that Defendant is awaiting the screening of the new complaint.  A litigant may not file an amended complaint without leave of court once responsive pleadings have been filed.  Thus, the court's initial task is to consider Plaintiff's motion and decide whether to allow Plaintiff's proposed amended pleading to be filed.

Rule 15(a) provides that a party may amend its pleading with "the court's leave," and that "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a). The district court enjoys significant latitude in deciding whether to grant leave to amend. Grounds for denial include "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

ORDER - 1

On July 20, 2009, the court screened the current operative complaint (Plaintiff's (First) Amended Complaint) and determined that Plaintiff stated cognizable claims for (1) excessive force claims against Doe defendants; and (2) retaliation claims against Defendant Hernandez. Ct. Rec. 14. The court dismissed the failure to protect and supervisory liability claims because Plaintiff had failed to allege an adequate factual basis for them. *Id*. Plaintiff thereafter opted to proceed with service of the Amended Complaint, pursuing only his cognizable claims, instead of attempting to cure the deficiencies pointed out by the court. The court's screening order warned Plaintiff of the need to identify the "Does" who allegedly acted with excessive force while handcuffing and escorting him. *See* Ct. Rec. 14 at 9-10.

Plaintiff now requests leave to file a Second Amended Complaint. Plaintiff's motion states that he seeks to amend the complaint in order to substitute real parties for the fictitious John Doe Defendants named in the Amended Complaint. The motion also states that Plaintiff has determined that the name of "John Doe Defendant (1)" is Sgt. Madina, who ordered the second watch officers to handcuff Plaintiff; "Doe (2)" is the "second watch c/o who walk [sic] in with Sgt. Madina"; and "Doe (3)" is the "second watch officer who also came into Building 14 with Sgt Madina and was told to handcuff Plaintiff..."

Neither Plaintiff's Amended Complaint nor the proposed Second Amended Complaint used identifiers "Doe 1", "Doe 2", and "Doe 3". As the substantive changes in the proposed amended pleading were not explained in the motion or in the response filed by counsel for Defendants, it was necessary for the court to compare the two complaints line by line. This comparison revealed that the two pleadings are mostly identical, with the exception of substantive changes in the proposed Second Amended Complaint at Ct. Rec. 35, 4:25-5:23; 6:16-18; 10:26-27; 11:3-4; 15:16; 16:4-11; 19:5-13. The court can tell that Plaintiff attempted to correct only those sections where the identity of the person was unknown or unclear. In doing so, the proposed pleading reasserts the claims previously dismissed by the court; it does not rectify Plaintiff's general use of the term "defendants" (instead of

ORDER - 2

specifically naming the party against whom the allegations are made); and it does not simply substitute names of previously unidentified parties.   Plaintiff somewhat expands upon the retaliation allegations against Defendant Hernandez and also identifies by name three inmates (whom Plaintiff had previously referred to generally as "inmates").   Plaintiff does attempt to correct the deficiencies in identifying the excessive force defendants, by asserting that it was "the second watch officers" and "Sgt Madina" who allegedly handcuffed and escorted Plaintiff to segregation in the manner described in ¶ 31, ¶ 32, and ¶ 33.  Plaintiff does not amend the "Parties" section of the proposed amended complaint (Ct. Rec. 35 at 2-4) to include Sgt. Madina or the second watch correction officers ("Doe # 2" and "Doe # 3"), but the court notes that he lists them as defendants in the caption of the Motion for Leave to file the amended complaint.

    Despite its technical flaws, the court will permit the Second Amended Complaint to be filed and act as the operative complaint.  The court's July 20, 2009 ruling is herein adopted and shall act as the court's screening of and ruling on the Second Amended Complaint.  The claims asserted are identical.  The only claims proceeding in this action are the Eighth Amendment claim for excessive force, and the First Amendment retaliation claim against Defendant Hernandez.  Counsel for Defendant shall **immediately** determine from the institution and/or Plaintiff's records the identity of the two second watch officers referenced by Plaintiff in the Second Amended Complaint, and submit those names to Plaintiff <u>and the court</u> by affidavit.  The court will then direct service of the Second Amended Complaint upon Defendants Hernandez, Madina and the two second watch officers if those Defendants through counsel, refuse to acknowledge service.

    This delay in identifying these new Defendants necessitates vacating the Scheduling Order at Ct. Rec. 33.  Upon directing service of the Second Amended Complaint, the court will expect the Defendants to promptly file their Answer, after which time the court will enter

ORDER - 3

a new Scheduling Order, having in mind that the claims of the Plaintiff arise out of already identified factual incidents.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Leave to File an Amended Complaint (**Ct. Rec. 35**) is **GRANTED**.  The Clerk of the Court shall revise the docket so that the text reflects Ct. Rec. 35 as a Motion for Leave to File an Amended Complaint and Proposed Second Amended Complaint.  In addition, the Clerk shall re-docket pages 1-23 of Ct. Rec. 35 as the "Second Amended Complaint" in a new docket entry.

2. Counsel for the Defendants is directed to promptly determine and notify Plaintiff and the court of the full names of the two second watch correction officers who are referenced in the Second Amended Complaint.

3. Defendant's Motion to Vacate the Scheduling Order (**Ct. Rec. 41**) is **GRANTED**.  All deadlines in the court's March 3, 2010 Scheduling Order are STRICKEN.  The court will enter a new Scheduling Order when appropriate.

IT IS SO ORDERED.  The Clerk shall file this Order following the instructions outlined above, and forward copies to Mr. Orr and to counsel for the Defendants.

Dated this 23rd day of June, 2010.

                s/ Justin L. Quackenbush
                JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE