1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

10

FRANK ORR,

11              Plaintiff,                    NO. CV-08-0472-JLQ

12      v.

13   ADRIANA HERNANDEZ, et          **ORDER RE: LETTER RECEIVED**
     al.,                           **JUNE 30, 2010**
14

15              Defendants.

16

17          The court is in receipt of Plaintiff's letter signed June 23, 2010 and docketed June

18   30, 2010.  Ct. Rec. 44.  Plaintiff's letter appears to have been mailed prior to receiving

19   the court's June 23, 2010 Order regarding the Second Amended Complaint and ruling on

20   the Defendant's Motion to Vacate the Scheduling Order.  Ct. Rec. 42.

21          Plaintiff inquires in his letter whether it would be appropriate to file a motion

22   requesting the appointment of counsel.   The court has previously determined that this

23   case does not meet the required exceptional circumstances for the court to seek the

24   assistance of counsel for Plaintiff. Ct. Rec. 14, 25. However, the court advised Plaintiff

25   that as the case progressed, it would continue to evaluate the circumstances of the case.

26   Plaintiff indicates in his letter that there is no longer a "legal clerk" at the prison library

27   and it is causing "lots of problems."   As the court has stated in its earlier orders, it

28   understands the Plaintiff's need.  However, that alone does not make this case an

exceptional one justifying the appointment of counsel.   Plaintiff does not need

ORDER - 1

1  permission of the court to file a motion.  The filing of a motion, not letters, is the proper

2  way for the court to address matters.   However, at this time, a request for appointment

3  of counsel would be futile as this case does not present exceptional circumstances.

4          In his letter, Plaintiff also asks whether he is permitted to respond to the

5  Defendant's Motion to Vacate the Scheduling Order.  No response is required since the

6  court has already vacated the Scheduling Order.  The local rules permit a party to oppose

7  a motion by filing a response not more than twenty-one (21) days after the date of service

8  of the motion.  L.R. 230(l).  However, in some instances, the court may determine a

9  response is not necessary and immediately rule on a matter, as it did in granting the

10  Defendant's Motion to Vacate the Scheduling Order. A new Scheduling Order will

11  subsequently issue at an appropriate time.

12          IT IS SO ORDERED.  The Clerk of the Court shall enter this order, provide copies

13  to defense counsel and Plaintiff, and mail Plaintiff a copy of the Local Rules.

14          **DATED** this 9th day of July 2010.

15                          s/ Justin L. Quackenbush
                         JUSTIN L. QUACKENBUSH
16              SENIOR UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

ORDER  - 2