UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

FRANK ORR,

                Plaintiff,

vs.

ADRIANA HERNANDEZ, et al.,

                Defendant.

No. CV-08-472-JLQ

**ORDER RE: WRITTEN DEPOSITION**S

BEFORE THE COURT is Plaintiff's Request for Deposition Upon Written Questions (ECF No. 98).

Plaintiff is proceeding *pro se* and *in forma pauperis*, and in his Section 1983 complaint alleges Defendant Hernandez *twice* retaliated against him in violation of the First Amendment. On September 23, 2011, the court denied Defendant Hernandez's Motion for Summary Judgment, in part due to the incomplete and inadequate record. As a result, the court granted the parties until January 15, 2012 to conduct additional discovery and until February 15, 2012 to submit dispositive motions.

Plaintiff is now requesting leave to take written depositions from the Defendant and eight non-party witnesses: Captain Arnold, Captain Kaplan, Lt. Sweany, Corrections Officer Norman, Corrections Officer Heath, C.D.W. S. Garcia, C.C.I. Winkler, and Lt. Martin. Defendant opposes the request, citing Plaintiff's failure to identify the deposition officer who

ORDER - 1

will take the depositions and failure to demonstrate an ability to pay the recording fees associated with deposing the nine witnesses. Defendant does make any argument that the deposition questions suggested (*see ECF* No. 98) will not lead to discoverable evidence.

Fed.R.Civ.P. 31 outlines the procedure for depositions by written questions. It states

(a) When a Deposition May Be Taken.

(1) Without Leave. A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
(2) With Leave. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
    (A) if the parties have not stipulated to the deposition and:
        (I) the deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by the third-party defendants;
        (ii) the deponent has already been deposed in the case; or
        (iii) the party seeks to take a deposition before the time specified in Rule 26(d); or
    (B) if the deponent is confined in prison.

Fed.R.Civ.P. 31(a)(1) and (2).

The individuals Plaintiff wishes to depose do not appear to be people "confined in prison." Therefore, Plaintiff does not require leave of Court to depose the named individuals by written questions. He is permitted to conduct discovery while incarcerated, without leave of the Court, as long as he complies with the Federal Rules of Civil Procedure, the local rules and applicable prison regulations. Accordingly, the Request (ECF No. 98) is **DENIED**.

The court is mindful of Plaintiff's financial limitations and its potential impact on his ability to conduct the full panoply of discovery available under the Federal Rules, including under Rule 31. While the IFP statute, 28 U.S.C. § 1915, allows a federal court to waive the filing fee for an indigent prisoner's civil rights complaint, it does not require the court to order financing of the entire action or waiver of fees or expenses for witnesses. *Hadsell v. Comm'r Internal Revenue Serv.*, 107 F.3d 750, 752 (9th Cir.1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir.1993); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir.1989) (per curiam). The requesting party is thus financially responsible for procuring a deposition officer to record the

ORDER - 2

witnesses' testimony, for notice and delivery of the questions, and for filing of the deposition. See Rule 31.

As other district courts have noted, though written depositions sound like an inexpensive method to conduct discovery it usually is not.

> The deposition upon written questions basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, ©) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness. When all the questions-without any answers-are ready, the prisoner would send them to the deposition officer and the officer would take the deposition of the witness. (The deposition officer can be any person authorized by law to administer oaths, see Fed.R.Civ.P. 28(a), such as a notary public and need not be a court employee.) The questions are read by the deposition officer, the responses are reported by a court reporter and the transcript is prepared as it would be for an oral deposition. The deposition officer does not stray from the written script of questions and asks only those questions that are on the list from the prisoner and defendant. To depose a non-party on written questions, that witness must be subpoenaed. To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings. The procedure is not much cheaper than an oral deposition unless there are substantial travel expenses that would be incurred to bring the witness to the prisoner or the prisoner to the witness. In addition to the cost, the evidence-gathering ability in such a deposition is quite limited. The requirement that the questions all be written and shared in advance means that there is no opportunity for follow-up questions when a witness makes a statement that is unexpected. Poorly worded questions will often result in useless answers-a problem that makes procedure particularly difficult for an unrepresented litigant.

*Lopez v. Horel*, 2007 WL 2177460 (N.D.Cal. 2007)(unpublished).

For the reasons stated above, it is the preference in *pro se prisoner* actions that Plaintiff seek discovery from a <u>Defendant</u> through more practical and less expensive method of interrogatories, rather than by deposition.  As to the non-party witnesses, however, the court poses the question as to whether the Defendant may wish to pursue and/or bear the expense of written depositions, *weighing that cost against the potential costs of trial should the record remain as inadequate as it was in the initial round of summary judgment proceedings*.  The court's great concern regarding the incomplete record in this matter is evident in the court's denial of Defendant's Motion for Summary Judgment.  Relevant documents were missing

ORDER - 3

from the record and apparently, are missing from Plaintiff's central file and can no longer be found by the institution. No affidavits of any of the numerous identified institution witnesses were obtained and submitted to the court as part of the summary judgment.

The court previously instructed the parties to "cooperate in discovery and work diligently in order to accomplish the completion of discovery in the time frame allotted." ECF No. 92 at 20.   The court expects Plaintiff and defense counsel to heed this instruction as to the written depositions, if either party elects to pursue this discovery. Furthermore, *if either* Plaintiff and/or  Defendant elect to pursue written depositions of the non-party witnesses the parties shall abide by the following:

1. The court **DIRECTS** that defense counsel send a copy of this order to the Superintendent of the CDCR, along with copies of the deposition questions, and **DIRECTS** the Superintendent, pursuant to Fed.R.Civ.P. 28, to appoint a special examiner before whom depositions may be taken. The special examiner should be a certified notary. The duties of the officer before whom depositions upon written questions are taken are found in Fed.R.Civ.P. 30 and Fed.R.Civ.P. 31.  The special examiner should make an estimate of the cost of the depositions and advise the requesting party in writing of the estimated cost of the depositions before proceeding with them.

2.  Rule 30(b)(2) states that deposition testimony may be recorded "by audio, audiovisual, or stenographic means." Written responses to depositions upon written questions are not permissible.  The deposition responses are to be audio recorded. Counsel for the Defendant may attend the recording just as at any other deposition.  At least two recorders shall be used simultaneously at the deposition so that there are two recording of the testimony. One recording shall be copied and provided to the Plaintiff and defense counsel; the other recording shall be placed in a sealed envelope at the close of the deposition, initialed by the officer taking the deposition and the deponent, and deposited with the court.

ORDER - 4

3. The court notes that the Rule allows the parties to stipulate that the deposition be taken by telephone or other remote means.

4. Any of parties may elect to have the recording transcribed. Certain uses of a deposition may require transcription but others do not. For example, if Plaintiff just wants to see what the deponent's responses to specific questions will be, it would be unnecessary to transcribe the testimony. But if either party intends to use deposition responses in support of or opposing summary judgment, or for impeachment purposes at trial, that party should ensure that the deposition responses are transcribed.

5. The Court also notes that Rule 31(a)(5) provides deadlines for the service of cross (within 14 days), redirect (within 7 days), and recross (within 7 days) questions by the parties. The court anticipates that arranging the depositions and strict compliance with these deadlines might not permit the requested depositions to occur before the discovery cutoff of January 15, 2012. The Court will shorten the deadline to serve-cross questions to 7 days, and eliminate redirect and recross questions to expedite the depositions. Plaintiff is also advised that this Order nor his "Request for Deposition Upon Written Questions" filed October 20, 2011 do not satisfy his obligation to serve notice for the depositions as required by Rule 31(a)(3). This requirement must be complied with this requirement before proceeding with the depositions.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and counsel for Defendant Hernandez.

Dated this 22nd day of November, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5