UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

FRANK ORR,

        Plaintiff,

vs.

ADRIANA HERNANDEZ, et al.,

        Defendant.

No. CV-08-472-JLQ

ORDER RE: DOCUMENT DISCLOSURE

    The court has reviewed the CDC 812-C submitted by defense counsel to this court (ECF No. 94) for in camera review. Defense counsel has requested permission not to produce this document to Plaintiff because it contains confidential information which counsel contends cannot be produced to Plaintiff. Specifically, defense counsel declares:

> This document lists _____(redacted by the court) inmates who have been identified as Plaintiff's confidential enemies. This document lists each inmate's name, CDC number, and where they are incarcerated. Accordingly, disclosure of this document to Plaintiff would create a hazard to the safety and security of the institution. Moreover, the contents of this document are irrelevant to the issue in this lawsuit–whether Defendant retaliated against Plaintiff by transferring to Plaintiff's housing unit and generating a false rules violation report against Plaintiff.

    After review, the court finds that the CDC 812-C contains discoverable information which shall be produced to the Plaintiff after redaction by the court, and which, after redaction, does not create a hazard to the safety and security of an institution or person.

    In this lawsuit, Plaintiff contends that because of Defendant Hernandez's close relationship with prisoners with whom Plaintiff had problems (Cordova, Valenzuela, Perez), as well as his filing of grievances against Defendant Hernandez and these inmates, Defendant Hernandez (in conjunction with Cordova) retaliated against him. Clearly, the fact that

ORDER - 1

inmates Cordova, Valenzuela, and Perez were in fact listed as confidential enemies by the institution on dates pertinent to this lawsuit, is both relevant and discoverable. The document has been redacted to ensure that only this relevant information is disclosed. The court has attached to this Order the redacted version of the document.

The production of this document in its redacted form poses no safety or security risk to the institution. The record demonstrates that Plaintiff is already aware of these three inmates' names, their CDC #s, and the fact that they are listed as "enemies." *See e.g.*, ECF No. 109. Furthermore, the redacted version of the document does not list where the inmates' are *presently* incarcerated.

That the institution possesses documents which *it* designates as "confidential," does not insulate them from discovery in a lawsuit. The parties are reminded that wilfully withholding documents which are potentially relevant to the litigation could be the basis of sanctions. *See e.g.*, *Leon v. IDX Systems Corp.*, 464 F.3d 951 (9th Cir. 2006) (dismissing case with prejudice and imposing a monetary sanction for wilful spoilation of evidence).

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and the attached redacted CDC 812-C, mail a copy to the Plaintiff at his last known address, and shall notify counsel for Defendant Hernandez of the ECF filing of this Order and attachment.

Dated this 29th day of December, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2