UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

FRANK ORR,

          Plaintiff,

vs.

ADRIANA HERNANDEZ, et al.,

          Defendants.

No. CV-08-472-JLQ

**ORDER TO SHOW CAUSE**

      In an Order signed December 15, 2011, the court ordered Defendant Hernandez to file a document log of documents which have been disclosed to the Plaintiff, **and, in addition,** a **status report within 10 days** explaining whether certain documents had been produced in discovery, and if they were not, to provide the reason why. ECF No. 106. The document log has been filed, but the **status report** concerning certain specific documents has not been filed. The court's Order set forth the four categories of documents the **status report** was to address. Ten days have passed, and the Defendant has not complied with the court's Order.  Now, Plaintiff has filed another Motion to Compel Production of Documents stating that the Defendant is refusing to provide certain documents.

      Rule 37 authorizes "a wide range of sanctions" for a party's failure to comply with discovery rules or court orders enforcing them. *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir.1983). Penalizing a party "for dilatory conduct during discovery proceedings" is discretionary. *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1102 (9th Cir. 1981) (citing Fed.R.Civ.P. 37(a)(4)). Professors Wright and Miller have opined:

ORDER - 1

> Any failure to disclose, regardless of the reason for it, brings the sanctions of Rule 37 into play, although the reason for the failure is an important consideration in determining what sanction to impose. If the failure is because of inability to comply, rather than because of willfulness, bad faith, or any fault of the party, the action may not be dismissed, nor a default judgment given, and less severe sanctions are the most that should be invoked.

8A C. Wright & A. Miller, Federal Practice and Procedure, § 2284, at 620-22 (1994).

Rule 37(c)(1) further provides that in lieu of, or in addition to, imposing other sanctions, where a party fails to provide information, the court may, *inter alia*, advise the jury of the failure.

This court is committed to the orderly and expeditious disposition of cases. Not later than **JANUARY 9, 2012**, the Defendant and state attorney general's office shall:

1) **SHOW CAUSE** as to why they have failed to comply with this court's December 15, 2011 Order (ECF No. 106);

2) File the status report ordered in the court's December 15, 2011 Order; and

3) Respond to the Plaintiff's Motion to Compel (ECF No. 109).

**IT IS SO ORDERED.**

Dated this 29TH day of December, 2011.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2