UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FRANK ORR,

          Plaintiff,

     v.

HERNANDEZ, et al.,

          Defendants.

NO. CV-08-0472-JLQ

**ORDER ON DISCOVERY**

## I. SHOW CAUSE ORDER

Defense counsel has responded to the court's Order to Show Cause (ECF No. 111) stating that he was not aware of the court's December 16, 2011 Order (ECF No. 106) because the Order was attached to the Notice of Electronic Filing ("NEF") he received from the court. Construing the December 16, 2011 NEF docket text as a "text order", counsel only adhered to the docket text. The court has verified that an error occurred in docketing of ECF No. 106 and that this Order was not attached to the NEF. Counsel is advised that 1) this court never enters text Orders; and 2) text orders are always delineated in the Docket Text of the NEF as "**TEXT ONLY**". The court is satisfied with counsel's response to the Show Cause Order.

## II. DISCOVERY AND MOTION TO COMPEL

On September 23, 2011, summary judgment was denied, in part, because of the inadequate factual record. In that Order, as well as subsequent Orders on December 16, 2011 and December 30, 2011 the court directed the Defendant and the Warden of the Mule Creek

ORDER - 1

State Prison to produce discovery relevant to this case. In its December 16, 2011 Order, the court directed the Defendant to file a document log and a status report concerning discovery. Defendant has now filed both documents. On December 27, 2011 the Plaintiff filed a Motion to Compel the Production of Documents (ECF No. 109). The court ordered the Defendant to respond to the Motion to Compel. ECF No. 111. Defendant has responded in opposition to the Motion. ECF No. 114. On January 12, 2012, Plaintiff filed a letter concerning outstanding discovery and on January 15, 2012 he filed another letter requesting imposition of sanctions on counsel for the Defendant for conduct during discovery. The Defendant has opposed the request for sanctions. ECF No. 118. On February 2, 2012, Plaintiff filed another discovery motion.

The court has reviewed the parties' latest filings and Plaintiff's Motions.

**A.   Missing Documents**

The Defendant states the following documents could not be located by the Defendant, in the Plaintiff's central file, or in the records of *the Mule Creek State Prison*:

    a.    All handwritten reports allegedly made by the Defendant;

    b.    Rules Violation Report Log No. C07-06-037; and

    c.    CDC 115 referenced in the CDC 128-G dated July 20, 2006;

B.   **Documents Located and Produced**

Defendant has informed the court that she has produced the following documents to Plaintiff:

    a.    Grievances Log Nos.: 06-1893 (See ECF No. 112, Ex. A); 07-00565; 06-1308; 06-1239 (See ECF No. 112, Ex. A)

    b.    CDC 114D referenced in CDC 128G dated July 20, 2006;

    c.    CDC 128-G forms dated: July 20, 2006; August 3, 2006; August 17, 2006; August 24, 2006; September 14, 2006; September 21, 2006; November 30,

ORDER -- 2

      2006; December 29, 2006; January 4, 2007; October 27, 2006; and March 14, 2007(See ECF No. 112, Ex. B).

   d.   CDC 128-B forms dated: July 15, 2006; March 6, 2007 (ECF No. 112, Ex. B);

   e.   Redacted CDC 812-C signed by S. Winkler on February 1 and March 13, 2007'

   f.   CDC 1030 form dated July 15, 2006;

   g.   Memorandum dated December 31, 2007;

   h.   Offender Based Information System Printout dated Mary 23, 2001-January 9, 2007;

   I.   PPPA Assignments showing Defendant's post; and

   j.   Defendant's January 9, 2008 Walk-Up Bid Schedule;

C.  **Remaining Discovery – Documents not Yet Located and/or Produced**

   **a.**  *Internal Affairs Documents*

Plaintiff complains that the Defendant has not produced any Internal Affairs documents, investigations, or notes concerning Plaintiff (which were referenced in the January 4, 2007 administrative segregation committee notes), as ordered by the court. Defendant states she has not done so "because Defendant does not have any such documents in her possession, custody, or control." ECF No. 112. Yet, in the January 9, 2012 Status Report Defendant states, "[i]f ordered by the Court, defense counsel will inquire about any such documents from the custodians of Plaintiff's prison central file or the records at Mule Creek State Prison." Counsel for the Defendant admits he has disregarded this court's September 23, 2011 Order. In that Order the court directed the Defendant *and the Warden of the Mule Creek State Prison* to produce "[a]ny and all forms, reports, findings and conclusions, witness reports, or any other relevant documentary evidence *in their* possession, custody or control, concerning Plaintiff's grievances involving Hernandez (including but not limited to MCSP 06-1239, 06-1308, 06-1893)." ECF No. 92. That the defense has not yet requested a search of the central file, the obvious place for prison records relevant to this

case, in compliance with this court's Order, constitutes inappropriate if not obstructive behavior.

**<u>Defense counsel shall prompt the search for ALL relevant documents in the *State Department of Corrections'* custody immediately</u>**.

  b. Additional Responsive Documents not in Defendant's "possession, custody and control."

  Defendant has also responded to other requests for production of institutional records in similar fashion stating that "after a reasonable and diligent search, she has no responsive documents in her possession, custody, and control." Defendant asserts because she is not the custodian of records for the prison's central file, she would need permission of the custodian to access the files. As stated above, this court has *ordered* the Defendant *and the institution* to produce the documents relevant to this case to Plaintiff. Counsel for the Defendant herein is part of the same Government as the Warden of the penal institution. In view of this court's Order, the fact that Defendant Hernandez does not personally possess them is an inadequate response to the requested discovery. Defense counsel shall provide a copy of this Order to the Mule Creek State Prison litigation coordinator and the institution shall locate the following documents requested by Plaintiff in this matter:

  1. CDC 602 submitted by Plaintiff on or about January 10, 2007;

  2. CDC 602 dated July 15 or July 16, 2006 regarding inmate Johnny Cordova (K-16714);

  3. Log books from Mule Creek State Prison's Administrative Segregation Unit for July 15-17, 2006;

  4. CDC 115 referenced in the CDC 128-G dated July 20, 2006;

  5. Rule Violation Report issued to Cordova on July 15, 16, or 17, 2006;

  6. All documents regarding Plaintiff's placement in Segregation on July 15, 2006;

ORDER - 4

7. All documents regarding Plaintiff's placement in administrative segregation in 2008;

8. Grievance Log No. 08-00684 dated April 11, 2008;

9. Plaintiff's "602 of 2008 fully granted by Kaplan"; and

10. 128-B Information Chrono signed by S. Winkler and Plaintiff concerning the Defendant.

The institution's search for and production of these records shall be conducted promptly. These documents shall be provided by counsel for the Defendant Hernandez to Plaintiff no later than **February 21, 2012**. Defense counsel shall file a Notice with the court attesting to the mailing of the discovery including the specific identification of the produced documents.  If after review, Defendant has a valid basis of objection to the production of any of these documents, Defendant shall forthwith file a motion and submit the challenged document to the court for ex-parte review.

The court extends the discovery cut off from January 15, 2012 to **February 29, 2012**. The deadline for filing of pre-trial dispositive motions is extended from February 15, 2012, to **March 15, 2012**.

**D.      Plaintiff's Transfers and Legal Mail**

On November 4, 2011, Plaintiff properly filed a notice advising that he had been transferred back to Kern Valley State Prison and listing his new address. ECF No. 102. Defendant has since then continued to mail documents to Plaintiff at the Richard J. Donovan address. As a result, Plaintiff has experienced several week delays before receiving Defendant's filings. Counsel for the Defendant certainly has access to current records of the place of confinement of the Plaintiff and counsel for the Defendant shall, in each instance, determine the place of incarceration of the Plaintiff before mailings to him are made. *Defense counsel shall ensure future filings to the Plaintiff are mailed to the proper address.*

The court notes the Plaintiff has now been transferred to Vacaville, California, and lists his new address in ECF No. 117. The court recognizes that prison transfers can result

ORDER − 5

in delays in access to prisoner's legal property.  If necessary, Plaintiff may Motion the court to request additional time to meet a deadline.

## III. CONCLUSION

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Compel (ECF No. 109) is **GRANTED** to the extent set forth above.

2. Plaintiff's Motion requesting sanctions (ECF No. 116) and Motion for Request for Assistance (ECF No. 117) are **DENIED** with leave to renew.  The matters referenced herein considered herein shall be considered by the court if future sanctions are deemed appropriate.

3. The discovery deadline is extended to February 29, 2012.

4. The deadline for filing pre-trial dispositive motions is extended to March 15, 2012.

The District Court Executive is directed to updated Plaintiff's address on the docket sheet with the address listed on page one of  ECF No. 117; then file this Order and provide copies to counsel and to the Plaintiff at his Vacaville, California address.

Dated this 2nd day of February, 2012.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER -- 6