UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FRANK ORR,

             Plaintiff,

      v.

ADRIANA HERNANDEZ,

            Defendant.[1]

NO. CV-08-0472-JLQ

**ORDER RE: DISCOVERY MOTIONS, SCHEDULING, AND DISPOSITIVE MOTION PRACTICE**

    BEFORE THE COURT is Defendant's Motion for Protective Order (ECF No. 126). Plaintiff has responded to this Motion with his own Motion Concerning Disclosure of Documents (ECF No. 130). Plaintiff has also filed a Motion for Additional Time (ECF No. 127); another Motion to Compel (ECF No. 128); and a Motion to Appoint Counsel and for Sanctions (ECF No. 129). Defendant has responded in opposition to the request for sanctions. ECF No. 131.

## I.    INTRODUCTION

    The remaining claims in this case involve two claims of retaliation in violation of the First Amendment. First, Plaintiff alleges that on or about July 15, 2006, Defendant Hernandez retaliated against Plaintiff by filing a false report that Plaintiff had threatened to

---

[1] Adriana Hernandez is the sole remaining Defendant. *See* Judgment entered at ECF No. 93. The caption of this case should not reference other Defendants.

stab her with a pair of scissors.  Plaintiff claims the Defendant's motivation to retaliate against him was in part due to her relationship with three other inmates, whom Plaintiff had filed a grievances about, claiming that Hernandez was "overly familiar" with them.  Plaintiff claims that just days before the alleged retaliation took place, as a result of his filing the earlier grievance, all three inmates were moved out of their assigned housing.  These inmates were Johnny Cordova, Raymond Perez, and "Rickie" Valenzuela. As a result of Defendant's reporting of the alleged fabricated threat, Plaintiff was placed in administrative segregation for over 6 months and lost his job as a prison barber.

Second, Plaintiff alleges that in February 2008, after he filed this lawsuit, Defendant Hernandez requested (and was granted) reassignment to his housing facility and then lodged a threat assessment against him to retaliate against him for the lawsuit.  Plaintiff asserts the lodging of the threat assessment resulted in his housing reassignment and the loss of his job as a prison library porter.

The court denied Defendant's Motion for Summary Judgment on September 23, 2011, in part, because of the meager record.  The only evidence in support of summary judgment filed by the Defendant were three documents: her own declaration, a Confidential Information Disclosure Form dated July 15, 2006, and a declaration of the CDCR records custodian. The court ordered the Defendant and the Warden of the Mule Creek State Prison to "immediately produce" relevant documentary evidence.  Despite the mandate, it has been necessary for the court to enter three subsequent discovery orders regarding the Defendant's production of relevant discovery.  ECF No. 106; 110; 119.

The current motion concerns four types of documents located by the Defendant pursuant to the court's latest discovery order.  The Defendant was required to produce these documents  no later than February 21, 2012 or alternatively, file an appropriate motion if there were grounds for objection. ECF No. 119.    On February 21, 2012, Defendant filed the current Motion for Protective Order.

1  **II.    DISCUSSION**

2        Ordinarily, the purpose of a protective order is to preclude disclosure of confidential

3  or privileged information to any person or entity not subject to the litigation.  Defendant's

4  Motion does not seek an order restricting dissemination of the information, but rather seeks

5  an order allowing redaction of the documents prior to their disclosure, or alternatively, for

6  permission  to withhold the information on the basis that it is irrelevant to the case.

7        Redaction of otherwise discoverable documents is a burdensome  mechanism used

8  only in limited circumstances because a producing party is ordinarily not harmed by

9  producing irrelevant information.  The court has reviewed the proposed redactions carefully

10 to determine whether release of the information could jeopardize the safety or security of

11 inmates or the institution.

12       **A.    General Chrono Dated February 25, 2008 is Irrelevant**

13       Rule 26 allows a party to obtain discovery that is relevant to any party's claim or

14 defense.  The court ordered Defendant to locate and produce "all documents regarding

15 Plaintiff's placement in administrative segregation in 2008." ECF No. 199 at 5.  The General

16 Chrono dated February 25, 2008 concerns Plaintiff's statements as to whether he could co-

17 exist with another inmate.   The document has nothing to do with any of the contentions in

18 this case.  Accordingly, Defendant is not required to produce that document.

19       **B.    Prison Log Books for the Ad-Seg Unit for July 15-17, 2006**

20       Defendant has provided to the court undredacted administrative segregation log book

21 pages for July 15-17, 2006.  The document contains discoverable information concerning

22 Plaintiff and Cordova's assignment to ad seg (at pages 9, 15, 19, 26, and 29).  Defendant

23 proposes to redact the inmate identification numbers and cell numbers of all inmates, except

24 Plaintiff.

25       The only way to verify that the "Cordova" listed on the document is the Cordova

26 Plaintiff claims acted with the Defendant to concoct the false threat allegation, is by inmate

ORDER  –  3

identification number.  This number is evidenced throughout the record and is already known to the Plaintiff. The Defendant has not shown that the disclosure of this information presents any safety or security concern. Accordingly, Defendant shall not redact Cordova's inmate identification number.

Further, there is also no apparent safety or security concern posed by disclosure of the cell numbers as they existed *nearly six years ago*.

Accordingly, Defendant shall produce the log books for July 14-17, 2006, redacting only the inmate identification numbers for inmates other than Plaintiff and Cordova.

### C.    Rules Violation Report issued to inmate Cordova

The Defendant has provided a copy of the Rules Violation Report (RVR) requested by Plaintiff concerning Inmate Cordova.  Defendant contends the document is irrelevant. Plaintiff contends in part that Defendant Hernandez's motivation to retaliate against him was spawned by grievance(s) he filed concerning the relationship of Hernandez and Cordova. Plaintiff contends shortly after he was retaliated against, Cordova was placed in administrative segregation based upon this "over-familiar" relationship which he believes played a role in Hernandez's alleged retaliation. The court finds Plaintiff is entitled to discovery concerning Cordova's placement in administrative segregation around the time of the alleged retaliation.

The RVR documents contain the names, inmate identification numbers, housing locations, dates of birth, and commitment information of inmate Cordova and three other inmates.  The Defendant's proposed redactions are acceptable to the court.  All personal information concerning the three other inmates, as well as Cordova's date of birth and commitment information shall be redacted.

### D. Confidential Memoranda

Defendant does not dispute the relevance of all four internal prison memoranda submitted for review by the court.

ORDER  −  4

There is no need for redaction of the memorandum dated February 1, 2007.  This memorandum documents an interview *with the Plaintiff* and names the three inmates (Cordova, Valenzuela, and Perez) whom Plaintiff named at the time of the interview and whom Plaintiff has identified (both by name and identification number) in his allegations in this case.  The full names and inmate identification numbers of these three potential witnesses in this case shall not be redacted.

As to the three other memoranda, the Defendant's proposed redactions are acceptable to the court in order to protect inmate safety.  The defense shall redact:  the name and inmate numbers of the one inmate named in the February 9, 2008 memorandum; the names and inmate numbers of the five inmates named at the bottom of page one of the August 24, 2006 memorandum; and the one sentence contained in the December 30, 2006 memorandum.

**E. Plaintiff's Motions and Case Schedule**

*1. Motions to Compel*

Plaintiff's two pending Motions to Compel (ECF No. 128 and ECF No. 130) pertain to documents addressed in this Order.  No ruling upon these Motions is therefore necessary.  The court reminds the parties that discovery motions are not to be filed without having first attempted to confer with the litigant not making the disclosure in an effort to secure the disclosure without court action.  Fed.R.Civ.P. 37(a)(1); ECF No. 34.

*2. Motion for Additional Time*

Plaintiff's Motion for Additional Time (ECF No. 127) is justified as discovery remains outstanding and the discovery deadline (February 29, 2012) has passed.  *See* ECF No. 119 at 6. Dispositive motions are currently due March 15, 2012.  *Id.*  Ordinarily, the production of documents in discovery does not demand court involvement to the extent it has in this case.  The Defendant's late production of *highly* relevant documents concerns the court and has resulted in months of delay.  To accommodate the Defendant's production of the documents referenced in this Order, the court extends the discovery deadline to **March 26, 2012** and the dispositive motion deadline to **April 2, 2012**.

ORDER – 5

At some point, discovery must end.  It appears this case is finally arriving at that point. Plaintiff has made repeated attempts to obtain discovery and the court has entered repeated orders compelling the production of documents.  Given the court's orders, the mandates of Federal Rule of Civil Procedure 26, and the additional time allowed for discovery, the court presumes that the Defendant, her state of California attorney, and the Department of Corrections have thoroughly searched for all relevant documents and there are no other relevant documents in existence known to them. At trial, if it appears documents that are or were in the control of a party or a  party's custodian are missing or have not been produced, the court will consider whether the missing evidence instruction to the jury or other sanctions are warranted.

### 3. Motion for Appointment of Counsel and for Sanctions

Plaintiff asks the court to again consider appointing him counsel in this case.  The court will consider this request, should the case be scheduled for trial. At this stage of the proceedings, appointment of counsel is not warranted.

This court's February 3, 2012 Order directed Defendant to provide additional discovery to Plaintiff by no later than February 21, 2012.  Instead, Defendant mailed the discovery to Plaintiff on the court imposed deadline and thus, Plaintiff apparently did not receive it on that date.  Plaintiff then prepared the instant Motion on February 21, 2012 requesting sanctions as he had not yet received the documents.  As is the case with most discovery deadlines, mailing documents in *advance* of the deadline is necessary to ensure their timely receipt.  The court finds sanctions, however, are not warranted on this issue.

### 4. Plaintiff's Questions

### a. Dispositive Motions

Plaintiff indicates in his Motion for Additional Time that he is feeling "lost" with regards to dispositive motions and whether  he needs to file anything, or wait on the Defendants to file another motion.  Dispositive motions are not required.  A party may move for summary judgment if they feel they can set forth facts which are not reasonably subject

ORDER – 6

1  to dispute and that entitle them to judgment as a matter of law (i.e. without trial) on one or

2  multiple claims in the case.

3       As the court has extended the deadline for discovery and filing dispositive motions,

4  it is possible that Defendant may move for summary judgment again in this case.  Pursuant

5  to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952

6  (9th Cir. 1998), Plaintiff is advised of the following requirements for opposing a motion for

7  summary judgment if one is filed by the Defendant.   Such a motion is a request for an order

8  for judgment on some or all of Plaintiff's claims in favor of Defendant without trial.  See

9  Fed.R.Civ.P. 56(b).  The motion will set forth the facts which the Defendant contends is not

10  reasonably subject to dispute and that entitle her to judgment as a matter of law.  See

11  Fed.R.Civ.P. 56(c).

12       Plaintiff has the right to oppose a motion for summary judgment by filing a response

13  not more than twenty-one (21) days after the date of service of the motion.  L.R. 230(l).  To

14  oppose the motion, Plaintiff must show proof of his claims.  Plaintiff may agree with the facts

15  set forth in Defendant's motion but argue that Defendant is not entitled to judgment as a

16  matter of law.  Plaintiff may show Defendant's facts are disputed in one or more of the

17  following ways: (1)  Plaintiff may rely upon statements made under the penalty of perjury in

18  the complaint if the complaint shows that Plaintiff has personal knowledge of the matters

19  stated and if Plaintiff calls to the court's attention those parts of the complaint upon which

20  Plaintiff relies; (2)  Plaintiff may also serve and file affidavits or declarations setting forth

21  the facts which Plaintiff believes prove Plaintiff's claims (the persons who sign the affidavit

22  or declaration must have personal knowledge of the facts stated); (3)  Plaintiff may also rely

23  upon written records but Plaintiff must prove that the records are what Plaintiff claims they

24  are; and (4)  Plaintiff may also rely upon all or any part of the transcript of one or more

25  depositions, answers to interrogatories, or admissions obtained in this proceeding.  Should

26  Plaintiff fail to contradict Defendant's motion with affidavits, declarations, or other evidence,

Defendant's evidence will be taken as true, and final judgment may be entered without a full trial. See Fed.R.Civ.P. 56(e).

If there is some good reason why such facts are not available to Plaintiff when required to oppose such a motion, the court will consider a request to postpone considering Defendant's motion.  See Fed.R.Civ.P. 56(f).  If Plaintiff does not serve and file a request to postpone consideration of Defendant's motion or written opposition to the motion, the court may consider Plaintiff's failure to act as a waiver of opposition to Defendant's motion. Plaintiff's waiver of opposition to Defendant's motion may result in the entry of summary judgment against Plaintiff.

*b. Settlement*

Plaintiff asks the court if he can propose "a number" to defense counsel for settlement. The parties are encouraged to engage in settlement talks in an attempt to resolve this dispute short of trial.  It is well known that colorable claims, as exist in this case,  have a settlement value.

If Defendant was to indicate to the court that she also is interested in settlement, at an appropriate time, the court would consider referring this matter to a neutral magistrate judge for settlement proceedings.

*c. Filing Evidence*

Plaintiff is reminded that the court does not serve as a repository for evidence. Plaintiff may not file evidence or "declarations" containing evidence or argument until the course of litigation brings the issue/evidence into question.

## III.   CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Protective Order (**ECF No. 126**) is **GRANTED IN PART** and **DENIED IN PART**.

> a.   Defendant is not required to produce Exhibit C, the general chrono dated February 25, 2008, which is irrelevant to the case.

ORDER – 8

b.   Defendant shall **immediately** serve Exhibits A, B, and D upon Plaintiff redacting only the information approved by the court herein.   Redactions shall be made in <u>black</u> instead of white (as proposed) so the redactions are more readily apparent.

2.   Plaintiff's Motion for Additional Time (**ECF No. 127**) is **GRANTED**.   The discovery deadline is extended to <u>March 26, 2012</u> and the dispositive motion deadline to <u>April 2, 2012</u>.

3. Plaintiff's Motions to Compel (**ECF No. 128** and **ECF No. 130**) are **DENIED** as **MOOT**.

4. Plaintiff's Motion for Appointment of Counsel and for Sanctions (**ECF No. 129**) is **DENIED**.

Dated this 6th day of March, 2012.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER – 9