UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FRANK ORR,

          Plaintiff,

    v.

ADRIANA HERNANDEZ,

          Defendant.

NO. CV-08-0472-JLQ

**ORDER SETTING SETTLEMENT DEADLINES AND CONFERENCE**

      Plaintiff is a California state prisoner proceeding pro se in a civil rights action under 42 U.S.C. § 1983. Plaintiff claims that Defendant Hernandez retaliated against him *twice*. First, Plaintiff alleges that on or about July 15, 2006, Defendant Hernandez retaliated against Plaintiff by filing a false report that Plaintiff had threatened to stab her with a pair of scissors. Plaintiff claims the Defendant's motivation to retaliate against him was in part due to her relationship with three other inmates, whom Plaintiff had filed a grievances about, claiming that Hernandez was "overly familiar" with them. Plaintiff claims that just days before the alleged retaliation took place, as a result of his filing the earlier grievance, all three inmates were moved out of their assigned housing. As a result of Defendant's reporting of the alleged fabricated threat, Plaintiff was placed in administrative segregation for over six (6) months and lost his job as a prison barber. Second, Plaintiff alleges that in February 2008, after he filed this lawsuit, Defendant Hernandez requested (and was granted) reassignment to his housing facility and then lodged a threat assessment against him to retaliate against him for

ORDER - 1

the lawsuit. Plaintiff asserts the lodging of the threat assessment resulted in his housing reassignment and the loss of his job as a prison library porter.

On September 23, 2011, the court denied Defendant Hernandez's Motion for Summary Judgment on the merits of Plaintiff's claims, in part based upon the "pitiably meager," three-exhibit, summary judgment record submitted by the defense. ECF No. 92. Defendant Hernandez's claim that she unmotivated by and unaware of the Plaintiff's grievance activity, was contradicted by other evidence in the record, including the July 20, 2006 Administrative Segregation Committee Report. *Id.* at 16.

The court permitted the parties the opportunity to conduct further discovery so that the record could be fully developed and set a new deadline for the parties to file additional dispositive motions. In the months following the court's summary judgment ruling, the court entered at least seven orders concerning discovery, all of which were directed at the defense -- reminding defense counsel of the duty to search for and disclose all relevant documents to Plaintiff and to comply with court orders in this regard.   The issue of sanctions was reserved by the court.  The deadline for filing dispositive motions was April 2, 2012. None were filed.

Accordingly, on May 25, 2012, the court set this action for trial commencing August 27, 2012, and asked the parties to submit confidential statements regarding the suitability of this case for settlement proceedings. ECF No. 139. Surprisingly, it does not appear that any informal settlement negotiations have occurred.  After consideration of the parties' statements, informal settlement discussion amongst the parties **shall** take place and this case shall be referred to United States Magistrate Judge Kendall J. Newman to conduct a settlement conference.  A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, **IT IS HEREBY ORDERED** that:

ORDER - 2

1. Plaintiff SHALL immediately submit to Defendant by mail, a written itemization of damages and a meaningful settlement demand which includes a brief explanation of why such a settlement is appropriate. No later than 14 days before the settlement conference, Defendant **SHALL** contact Plaintiff either <u>by telephone</u> or <u>in person</u>, to discuss settlement and respond to Plaintiff's demand with an acceptance of the offer or with a meaningful counteroffer. Should the parties settle the matter, defense counsel shall immediately notify chambers of Judge Newman and Judge Quackenbush by phone.

2. This case is set for a settlement conference before Magistrate Judge Kendall J. Newman on August 3, 2012, at 9:00 a.m. at the U.S. District Court, 501 I Street, Sacramento, California 95814, in Courtroom #25;

3. Parties shall appear at the settlement conference with full authority to negotiate and settle the case on any terms;

4. If settlement is not achieved informally, each party **SHALL** provide a confidential settlement conference statement to Sujean Park, ADR Coordinator, 501 I Street, Suite 4-200, Sacramento, California 95814, so they arrive no later than **<u>July 27, 2012</u>** and file a Notice of Submission of Confidential Settlement Conference Statement (See L.R. 270(d)); Settlement statements should not be filed with the Clerk of the Court nor served on any other party. Settlement statements shall be clearly marked "CONFIDENTIAL" with the date and time of the settlement conference indicated prominently thereon. The confidential settlement statement shall be no longer than five pages in length, typed or neatly printed, and include the following:

    a.    A brief statement of the facts of the case.

    b    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c.    A summary of the proceedings to date.

ORDER - 3

     d.    An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

     e.    The relief sought.

     f.    The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

     g.    A brief statement of each party's expectations and goals for the settlement conference.

    5. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at Mule Creek State Prison by fax at (209) 274-5018.

**IT IS SO ORDERED**. The Clerk of the Court shall promptly enter this Order, serve a copy on defense counsel, Plaintiff, and the Litigation Office and Mule Creek State Prison.

Dated this 28th day of June, 2012.

                          s/ Justin L. Quackenbush
                          JUSTIN L. QUACKENBUSH
                    SENIOR UNITED STATES DISTRICT JUDGE

cc:    ADR Division, Attention: Sujean Park
       US District Court
       501 I Street, Suite 4-200
       Sacramento, CA 95814
       Fax: (916) 491-3912
       email: spark@caed.uscourts.gov

ORDER - 4